I'd like to reserve two minutes for rebuttal, please. You may have it.  Thank you, Your Honors, and may it please the Court. My name is Jeff Piampiano, and I'm here on behalf of Joca-Roca Real Estate LLC. There are two key points that I think are at issue in this repeal. First, we believe that the magistrate erred in inferring prejudice per se and as a matter of law based on delay alone. And second, that we believe that a remand is required to address the scope of claims subject to arbitration and stay those claims, those portions of the case which are actually subject to arbitration. What has happened to this case in the interim, in the course of this appeal? Had proceedings gone forward? Nothing has happened, Your Honor. And why not? Is there an agreement? There was the... I think that's right. I mean, I think that's a fair characterization, is that the parties conferred with the Court as to the travel of the case generally, and given the pendency of the appeal, nothing has proceeded. Okay. So when this was left in the District Court, there was about to be a filing of the defendant's summary judgment motion. You had filed a motion to stay before the close of discovery. True. And hadn't you also asked for an extension of time on discovery? I don't believe that there was a pending request for extension. And that's where the matter now stands in the District Court. True. And Your Honor, the defendant did... Maine is a little bit different. I'm not sure how it comports with other jurisdictions within the First Circuit, but in Maine you actually ask for the Court's permission to file a summary judgment motion, and the defendant has indeed done so, and the Court has deferred even ruling on that request, the preliminary request, which is a prerequisite to filing a summary judgment motion. Isn't there a standard pretrial order which says discovery goes until such-and-such a date and dispositive motions will be heard thereafter? There is a standard pretrial order that establishes a deadline for requesting the authority to file a summary judgment, and in circumstances where someone has indeed requested authority to file a summary judgment and the Court grants it, then any other deadlines that are otherwise established in the case get set aside. Okay. Thank you. So, to go back to my first point, the Court below functionally read the prejudice requirement out of the delay-based waiver analysis, and our view is that it's improper for a few reasons. First, it's at odds with Section 3 of the FAA, which establishes a strong policy in favor of arbitration. Second, it's at odds with the Supreme Court's directive from Moses H. Cohn that close cases should be decided in favor of arbitration, and it's also at odds with this Court's precedent, which expressly requires an independent showing of prejudice to find waiver based on delay. Let me ask you about the prejudice, Mr. Pianfiano. If you had just gone and commenced arbitration for an action involving less than half a million dollars, wouldn't either party have been able to argue to the arbitrator that there really should be no discovery or no depositions or very little? Arbitrators have a lot more authority, don't they, to limit discovery than does a U.S. District Court judge? The arbitrators have discretion over the scope of discovery, just like courts have discretion over the scope of discovery once you move beyond the initial numbers of depositions. But one of the principal reasons you go to arbitration often is you, generally in smaller matters, can often get way less discovery in arbitration. But it really cuts to the heart. In the Creative Solutions case, this Court said that discovery would have been required to support a claim, whether it was arbitrated or litigated. The discovery that happened in this case was ordinary course discovery. It was not extraordinary. It was not expensive. It was not contentious. You think an arbitrator would have allowed 16 depositions to be taken in an arbitration proceeding in a relatively small matter? The numbers of depositions that were taken in this case, Your Honor, occurred with the consent and cooperation of the parties. Sure, because that's a normal incident to litigation, not to arbitration. That's what parties do in litigation, where there is no practical limit on the number of depositions. Here, Your Honor, first of all, the magistrate made a factual determination below that the record didn't divine any distinction between what happened in this case and what would otherwise have happened in arbitration. But that's precisely because you commenced this case and litigated for nine months, rendering it impossible to know how the arbitrator would have ruled, but making it certain that the defendant has lost the opportunity to have avoided that discovery. I don't think that's accurate, Your Honor. And here's why. One of the arguments advanced by Brennan below in opposing the motion to stay was that they argued that at least some portions of this case, namely the fraud claim, wasn't even subject to arbitration. The court below didn't even consider that issue, didn't reach it at all. And frankly, I think the other side would have to concede that the lion's share of the case, the large portion of it, was directed towards diving into and understanding the factual predicates for the fraud claim. So if the notion of prejudice is decided on sort of the totality of the circumstances in the case, I think it's a fundamental requirement that the court below actually have determined which claims are or are not subject to arbitration. Because if the fraud claims- Why did you change your mind? What's that? Why did you change your mind? It's not part of this record, Your Honor. And frankly, at least as I read this court's holdings, it's not material to the analysis. It's the defendant's burden- Oh, but of course it is. If you're trying to gain some strategic advantage out of here, like additional discovery or like forestalling a summary judgment motion that you think you're going to lose, that is quite pertinent. So would you please answer the question? On this record, I mean, it's a strategic decision that was made by my client. But on this record, there's their burden to show prejudice, and I don't believe it's material to prejudice analysis. Well, you certainly succeeded in delaying the resolution of the case. Not necessarily. Well, normally you would expect a case like this would be filed in arbitration and disposed of inside eight or nine months. Depending on- There are certain arbitrations that run quite a bit longer. That's true. But the arbitration is now going to run what it runs, and it's going to be tacked on to this period of time that has been consumed in this unnecessary, as it turns out, litigation process. I don't believe that's true, Your Honor. First of all, if the fraud claim itself otherwise wasn't subject to arbitration, then the same discovery that has happened in this case and the travel of the case generally wouldn't be any different. Yes, but the appeal here has taken, what, more than a year? And you can hardly say that your client's tactics didn't result in delay and prolonging this. That's why I started by asking you what was going on in the district court. I'll give you a minute to reply now, and then you've reserved some time. In the Ledertex case, which is a Second Circuit case, it's 67F3D20, the Second Circuit observed that the pretrial delay in prejudice, unfortunately inherent in litigation without more, does not constitute prejudice in support of finding a waiver. What we have here is a court which didn't even consider the totality of the circumstances, found waiver per se based on delay alone by the court's own articulation, notwithstanding an express finding by the court that they had failed to define any distinction between what happened in mediation or what happened in litigation and what happened in arbitration. I think under those circumstances, it's flat. What's our review of that finding? Isn't our review of that finding de novo? I don't believe so, Your Honor. You don't think so? I think our cases say that pretty clearly. My understanding is that factual determinations are reviewed under a clearly erroneous standard. I could be wrong about that. But the district court's determination that you've waived your right is reviewed de novo. There's absolutely no question about that. The district court's legal determination that we waived our right is reviewed de novo. That's right. And if we think that legal determination is right, even though we don't agree precisely with the district court's reasoning, we can uphold it. I disagree with that. And the reason that I disagree with it is because I think it's incumbent upon the district court to, if Your Honors are inclined to find that there may have been a waiver here, I think it's incumbent upon the district court to properly consider the totality of the circumstances. One of the things that's germane to the totality of the circumstances, what otherwise would have happened in the case had the fraud claims themselves not be subject to arbitration. If you want to preserve your time, you should end now. Okay. Thank you, Your Honor. Thank you, Your Honors. Matt Williams for Robert Brennan, Jr. What I find amazing in this case is we still don't know why the petitioner, we still don't know why we've waited, why Joe Caruca waited nine months after filing the complaint before trying to invoke the arbitration clause. I was glad to see the question was asked here today. It was too bad it wasn't answered. You know, I did a lot of legal research in preparing for this, and at the start of the case, I'm unaware of any case in the First Circuit or otherwise that deals with a plaintiff seeking to arbitrate its claims after unequivocally submitting itself to the jurisdiction of the federal district court. Joe Caruca made a tactical decision, a strategic decision at the beginning of this case to file. We certainly were aware of the arbitration clause. We raised the arbitration clause as an affirmative defense, but we made the tactical decision to no. We want this case to go into federal court, and we proceeded accordingly. What's this with the fraud? Is there some dispute about whether the fraud claim would have been arbitrable? We did raise that question in our opposition to Joe Caruca's motion to stay, but it's not an issue here on appeal. We argue that the fraud wasn't subject to the arbitration clause. I can tell you, though, as a matter of strategy, how that could have possibly played out. One of our chief defenses here as a defendant is the statute of limitations. This whole thing is based on something that happened back in 2005. It's more than six years past since that period of time. When Joe Caruca filed the complaint, they alleged charges of fraud and breach of contract. The fraud and, I think, fraudulent concealment is needed to get around that statute of limitations problem. However, if we were in arbitration, the main statute of limitations is worded such that it only bars civil actions after six years. And they could make the argument that, all right, we can just argue the breach of contract thing. We don't even have to get into the fraud thing, at which case, if it's settled in arbitration, it doesn't be pointless to go further. So as you see, the starting point for what I'm looking at here is I look at the actions of the party seeking to invoke arbitration, and then I look at the effect of those actions upon us, the party seeking to continue this case in the federal court. So why don't you tell us what harm you've suffered? The amount of discovery that was conducted in this case, which is not in dispute, interrogatories, thousands of pages of documents, 16 depositions. I even had to travel at one point. This isn't in the briefing, but I had to travel up to central Maine to look through documents in an attic. None of this would have happened if it was in arbitration. My point is we engaged in the type of time-consuming and expensive discovery that can happen during litigation and is necessary to some forms of litigation. But this extensive discovery specifically, arbitration seeks to avoid. Petitioner waited until discovery was just about over. And just to clarify, I think you had asked a question in regards to a pending motion to extend the discovery deadline. There were a few of those filed. We filed some of them. They filed the last one, and I think we were in that last extension period after what they had filed when they threw down and filed the motion to kick it out of federal court. So... So you're at the end of discovery. You anticipate filing a summary judgment motion, and if you lose, you get a prompt trial after that. Those were the expectations of your party? That's correct. So, yes, I mean, we opposed the motion. Magistrate Judge John Rich agreed with us that Joka Roka had waived arbitration. And the district court judge, he agreed with the magistrate judge. He didn't even issue an opinion. Now, as you pointed out, the petitioner takes issue with the magistrate judge's opinion. It is a de novo review. I'll admit that. I mean, you are looking at this on a de novo basis. I do think, as a factual matter, Magistrate Rich was in a unique position to see exactly what the litigation activities were during the discovery period. He is particularly helpful in these cases in sitting down with attorneys, talking about discovery, finding out what the issues are and where you need to go from there. So I do think he was at least in a position to determine, well, you know, what exactly happened during this case and, you know, do I think it would happen in arbitration? So I do think that the issue of waiver is really a matter of law in the court. This court has set up a totality, a sort of totality of the circumstances test to determine whether waiver has occurred. Included in this test is whether the party resisting arbitration will suffer prejudice. Choka Roka focuses exclusively on the prejudice issue, kind of ignoring all the other factors or, as I would say, conceding that all the other factors are met. The problem with this approach from an analytical standpoint is that, as this court has said in the Citigroup case, cited in my brief, no one factor dominates the analytical framework for determining whether a party has implicitly waived its right to arbitrate. So the prejudice issue is viewed or analyzed in light of the other activities that have occurred and who was basically pushing those activities or, for lack of a better, whose fault it was that we had to get into all of that discovery. The level of prejudice sufficient to support a finding of waiver depends on the case. In some cases, as this court found in the Tyco case I cited, only a modicum of prejudice is needed. It's not this, the prejudice requirement isn't this insurmountable obstacle that we have to get over that Choka Roka is trying to argue. So just moving back to what it was that happened during the litigation and how we responded to their motion, Choka Roka argued that we didn't prove at the district court level that the amount of discovery conducted during the litigation wouldn't have occurred in arbitration. I'm not sure how you can prove that to an absolute certainty. What I did is I said, all right, this is what happened, not in dispute. Looking at the other cases in the First Circuit that had similar amounts of discovery, the court had found that there was prejudice. So reasoning by analogy, there was prejudice here as well. I also cited in my brief to the AAA arbitration rules which say unequivocally on the cases that involve less than 500,000 that depositions aren't allowed. They're not even referenced anyway in the AAA rules. And beyond that, I guess a certain amount of common sense grounded in policy considerations is needed. As I said before, arbitration is designed to avoid the expense of discovery engaged in here. If the litigants are allowed, as the petitioners here are trying to do, to file a case, engage in extensive discovery, and then pull the rug out at the last second and go to arbitration, the whole beneficial effect, the reason why arbitration is pushed is either lost or at least seriously diminished. Thank you. Thank you. A few comments, Your Honor, largely in bullet format. First of all, the discovery in this case was agreed to, and it was depositions that were necessary for fact-finding. You've made that point. What else do you have? Okay. The amount of discovery itself is not prejudicial if it's necessary to resolve a dispute, which I think is another way of saying the same thing. So you can go into federal court, get federal discovery, and then at the end go to arbitration where you couldn't have done it but get the benefits of arbitration? I think in arbitration you're going to be – I mean, he said that you're not entitled to depositions in arbitration. I definitely disagree with that. And as a practical matter, in arbitration, a fair arbitrator is going to give you the opportunity to understand the facts that you need to prove your case. I think you're also saying that we should rule that you can test the waters for as long as you want in the federal court, see where the wind seems to be blowing, your client doesn't like maybe the way the magistrate or the judge is approaching the case, and then pull the escape hatch. I'm not arguing that. But we can infer that that's what's going on. That's not what I'm arguing. But that inference is particularly strong since you have given us no explanation at all for this sudden switch from litigating in the federal forum to, oh no, we really want to be in arbitration. I'm unaware of any case that considers that as a factor. Yes, I suspect that's because in virtually every case, the reason for the change in forum is explained by the party seeking it. Are you aware of any case where a plaintiff has commenced arbitration, taken it right up to the eve of getting ready for trial, and then unilaterally been able to end it by demanding arbitration? There's plenty of cases involving counterclaims. Sure, but the party that sat there and said, which way are we going to go, here's our strategy, we're going to go to federal court. Okay. You may answer the question briefly. Okay. Your Honor, my position is that we're not on the eve of trial. And Judge Lynch, you talked about the appeal. Pursuing one's rights from an appeal itself can't be a precedent. Oh, yes. Obviously, I know that. Okay. But you have managed to accomplish a great deal of delay in a very old case, and that alone would seem to benefit you. May I respond, Your Honor? No. Thank you.